IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON RUSSELL and AALIYAH RUSSELL-MORGAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-00560 |
| XAVIER CHISM, COMMUNITY DEVELOPMENT INSTITUTE and the CITY OF CHICAGO | ) ) ) ) | Judge: Honorable Robert M. Dow, Jr Magistrate: Jeffrey T. Gilbert. |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COME Plaintiffs BRANDON RUSSELL and AALIYAH RUSSELL-MORGAN by and through their attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants, XAVIER CHISM, COMMUNITY YOUTH DEVELOPMENT INSTITUTE and the CITY OF CHICAGO, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff BRANDON RUSSELL ("BRANDON") was, at all times relevant to this action, a high school student at the Community Youth Development Institute, and a resident of Cook County. He is the older brother of co-Plaintiff AALIYAH RUSSELL-MORGAN.

6. Plaintiff AALIYAH RUSSELL-MORGAN ("AALIYAH") was, at all times relevant to this action, a 5' 3",130 pound high school student at the Community Youth Development INSTITUTE and a resident of Cook County. She is the younger sister of co-Plaintiff BRANDON.

7. Upon belief, XAVIER CHISM ("CHISM") was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department,

8. Also, CHISM was employed by Defendant COMMUNITY YOUTH DEVELOPMENT INSTITUTE in a security capacity.

9. At all times relevant to this action, CHISM was taller than 6'0" and weighed more than 200 pounds.

10. Defendants CHISM is sued in his individual capacity.

11. Defendant CITY OF CHICAGO is a municipal corporation located in the Northern District of Illinois.

12. Upon information and belief Defendant COMMUNITY YOUTH DEVELOPMENT INSTITUTE ("INSTITUTE") is an alternative high school approved by the Chicago Public Schools and is located at 7838 S. Union Avenue.

**FACTS**

13. On December 18, 2013 at about 1:00 p.m., Plaintiff AALIYAH was standing in the first floor hallway of the INSTITUTE near the front entrance.

14. Defendant CHISM moonlighted as a security guard for the INSTITUTE.

15. It was customary that all students clear the halls when returning to class.

16. One of Defendant CHISM's duties, imposed by Defendant INSTITUTE was clearing the halls when students returned to class.

17. Plaintiff AALIYAH was slow going back to class as she attempted to approach a teacher to ask a question.

18. Defendant CHISM and the student body knew that Plaintiff AALIYAH lived an "alternative lifestyle" based on her gender preference.

19. Defendant CHISM was offended because Plaintiff AALIYAH was slow in returning to her class, and dressed in "boy clothes".

20. Defendant CHISM told Plaintiff AALIYAH, with a Chicago Police Department badge on display, "if you're going to act like a boy, I'm going to treat you like a boy".

21. Defendant CHISM dragged Plaintiff AALIYAH outside, wrestled her to the ground, and beat her about the body causing injury.

22. Plaintiff AALIYAH's classmates were directed by Principal Royster not to go outside. So they decided to tell Plaintiff BRANDON, who was in English class on the second floor of the INSTITUTE.

23. When Plaintiff BRANDON heard what was happening to his sister, he raced down to the first floor entrance, saw his sister with Defendant CHISM on top of her right outside the door, and rushed outside.

3

24. Plaintiff BRANDON asked Defendant CHISM to get off his sister.

25. Defendant CHISM did not respond, verbally or physically.

26. Plaintiff AALIYAH muttered that she could not breathe.

27. Plaintiff BRANDON again asked Defendant CHISM to get off his sister.

28. Receiving no response, Plaintiff BRANDON started to pull Plaintiff AALIYAH from under Defendant CHISM.

29. Defendant CHISM grabbed Plaintiff BRANDON in a headlock.

30. Plaintiff AALIYAH, freed from being pinned under Defendant CHISM's knee, found herself vomiting and gasping for air.

31. Plaintiff BRANDON broke free from Defendant CHISM's headlock.

32. Plaintiff BRANDON and Defendant CHISM squared off and punched each other.

33. The police arrived, Defendant CHISM announced his office and claimed that Plaintiff BRANDON was the aggressor.

34. One of the police officers handcuffed BRANDON and sat him down.

35. While Plaintiff BRANDON was seated with his hands cuffed behind his back and compliant with police orders, Defendant CHISM walked up to him, kicked and punched him in the mouth, which blows knocked his teeth out.

36. Defendant CHISM had Plaintiff BRANDON arrested for aggravated battery.

37. Though Plaintiff AALIYAH had nothing to do with the fighting, Defendant CHISM had her arrested for aggravated battery as well.

## COUNT I
## EXCESSIVE FORCE AGAINST DEFENDANT CHISM

38. Plaintiffs restate and reallege all the statements made in paragraphs 14-37 of the Complaint as though fully stated therein.

39. On or about December 18, 2013, Defendant CHISM used excessive force against both Plaintiffs by sitting on top of Plaintiff AALIYAH for several minutes while making it difficult, if not impossible, for her to breathe; by putting Plaintiff BRANDON in a headlock without lawful justification and by punching and kicking Plaintiff BRANDON - before and after he was handcuffed.

40. Defendant CHISM violated Plaintiffs' right to be free from unreasonable search and/or seizure when he used excessive force against them.

41. As a result of this excessive force, Plaintiffs suffered severe emotional and physical trauma.

## COUNT II
## BATTERY UNDER ILLINOIS LAW AGAINST DEFENDANT CHISM

42. Plaintiffs restate and reallege all the statements made in paragraphs 14-37 of the Complaint as though fully stated therein.

43. On or about December 18, 2013, Defendant CHISM proximately caused bodily harm and contact that was insulting and provoking against Plaintiff AALIYAH when he pushed her out of the school while insulting her gender preference, got on top of her and put his knee into her neck for several minutes.

44. Defendant CHISM intended that this contact cause bodily harm, insult, provocation, suffocation and/or confinement.

45. As a result of this battery, Plaintiff AALIYAH suffered emotional and physical trauma.

## COUNT III

### *RESPONDEAT SUPERIOR* CLAIM AGAINST DEFENDANT COMMUNITY YOUTH DEVELOPMENT INSTITUTE

46. Plaintiffs restate and reallege all the statements made in paragraphs 14-37 of this Complaint as though fully set forth herein.

47. Defendant INSTITUTE had a duty to provide a safe learning environment to Plaintiffs.

48. Defendant INSTITUTE breached its duty when it permitted one of its "servants", its security guard, Defendant CHISM, to force Plaintiff AALIYAH to go outside of the school against her wishes, to order her off the school premises during school hours and then to batter her.

49. Defendant INSTITUTE proximately caused Plaintiff AALIYAH damages when the willful and wanton conduct of Defendant CHISM led directly to Plaintiff AALIYAH's arrest.

50. Defendant CHISM was acting in the scope of his duty as a security guard for Defendant INSTITUTE for at least part of his tortious conduct.

### COUNT IV
### CLAIM UNDER 745 ILCS 10/9-102
### AGAINST DEFENDANT THE CITY OF CHICAGO

1. Plaintiffs restate and reallege all the statements made in paragraphs 14-37 of this Complaint as though fully set forth herein.

2. Defendant THE CITY OF CHICAGO was, at all times material to this Complaint, the primary employer of Defendant CHISM.

3. Defendant CHISM committed at least some of the acts alleged above in the scope of his employment as an employee of the CITY OF CHICAGO.

WHEREFORE, Plaintiffs AALIYAH and BRANDON, by and through their attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, request judgment against defendants CHISM, COMMUNITY YOUTH DEVELOPMENT INSTITUTE and the CITY OF CHICAGO on each and every claim as follows:

    A.    That Defendants be required to pay Plaintiffs general damages in a sum to be ascertained at a trial of this matter,

    B.    That Defendants be required to pay Plaintiffs special damages,

    C.    That Defendants CITY OF CHICAGO and INSTITUTE be required to indemnify Defendant CHISM,

    D.    That Defendants be required to pay Plaintiffs their attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    E.    That Defendants CHISM and INSTITUTE be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    F.    That Defendants be required to pay Plaintiffs the costs of the suit herein incurred, and

    G.    That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**

Dated: July 19, 2016                                                      /s/ Scott T. Kamin
                                                                                    Scott T. Kamin

Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd, Suite 430
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855